## CERRA v. FAJARDO DEVELOPMENT COMPANY.

### APPEAL from the District Court of Humacao.

#### No. 868.—Decided December 20, 1912.

INJUNCTION—DENIAL OF INJUNCTION WITHOUT EVIDENCE—DISCRETION OF COURT.—District courts have power to deny an injunction without taking any evidence when it is not clearly deduced from the application for the injunction and the affidavits filed in favor of and against the same that sufficient grounds exist upon which to issue the writ.

EXPROPRIATION—PROPERTY OF CONJUGAL PARTNERSHIP—NECESSARY PARTIES TO EXPROPRIATION PROCEEDINGS.—The wife is not a necessary party to expropriation proceedings relative to real property belonging to the conjugal partnership and directed against the husband only.

ID.—JUDGMENT—DEED OF CONVEYANCE.—When in expropriation proceedings judgment is rendered in favor of the plaintiff it is unnecessary to direct the defendant to execute a deed conveying to the plaintiff the land expropriated, for the judgment itself constitutes the plaintiff's title to the property expropriated.

ID.—PROPERTY OF CONJUGAL PARTNERSHIP—EXECUTION OF DEED BY HUSBAND.—In accordance with the doctrine laid down in the preceding paragraph, when in expropriation proceedings directed solely against the husband relative to property of the conjugal partnership said husband voluntarily executes a deed of conveyance in favor of the plaintiff without being obliged by law to do so, such deed cannot prejudice the title of the wife to the land conveyed.

PROPERTY OF CONJUGAL PARTNERSHIP—HUSBAND MANAGER OF CONJUGAL PROPERTY—CONSENT OF WIFE—PROPERTY BURDENED BY LAW—PARTIES TO PROCEEDINGS.—In accordance with section 1327 of the Civil Code, the husband is

the manager of the property of the conjugal partnership, and although he cannot allienate or encumber the  same without the  wife's consent, the law may impose a burden upon it as in the assessment of taxes or the levy of an execution or a writ of attachment without any action on the part of the husband, and in such cases the wife is not a necessary party to the proceedings.

INJUNCTION—IRREPARABLE DAMAGES—EXPROPRIATION—MONEY REMUNERATION.— The plaintiff in this case not being a necessary party to the expropriation proceedings concerning the land which is the object of this injunction she cannot plead that she suffered damages through the expropriation of said land.   It was held also that the allegations of the complaint do not show that irreparable damages would be suffered and that the amount of the damages which the plaintiff would suffer by the taking of the property could be fixed in money.

APPEAL—JUDGMENT IN ACCORDANCE WITH LAW—ERRONEOUS GROUNDS.—Although the grounds for a decision may be erroneous, if the decision itself conforms to law it should not be reversed for that reason.

INJUNCTION—DISCRETION OF COURT—CAUTION.—The granting or refusal of an injunction lies in the sound discretion of the court and it should be granted with great caution and only in cases where the necessity and reasons therefor are clear.

The facts are stated in the opinion.

*Mr. Juan B. Huyke* for appellant.

*Mr. Luis Muñoz Morales* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a case in which the plaintiff applied to the District Court of Humacao for an injunction. The injunction was refused and the plaintiff appealed to this court, alleging error on the part of the district court in refusing to issue the writ.

An injunction has been defined by high authority to be a judicial writ whereby a party is required to do a particular thing or to refrain therefrom, according to the exigencies of the case. (2 Story's Eq., 861; Spelling Inj., 243.) Those of the former class are said to be mandatory, and those of the latter, prohibitory injunctions. The second class is much more common. (Spelling, sec. 11.) Our statute in regard to injunctions was passed on March 8, 1906.

In its first section it defines an injunction in the following terms:

"An injunction is a judicial command in writing issued under the seal of a court, directing a person to refrain from doing or per-

mitting to be done by others under his control a particular act which violates a right of another.''

In section 4 thereof it says:

''An injunction cannnot be granted to stay a judicial proceeding pending at the commencement of the action in which the injunction is demanded, unless such restraint is necessary to prevent a multiplicity of such proceedings.''

And in the following section of the same law it is provided that:

''An injunction may be granted at any time before judgment, upon a verified complaint, or upon affidavits, if the complaint in the one case, or the affidavits in the other, show satisfactorily that sufficient grounds exist therefor.'' (Session Acts of 1906, pp. 86, 87.)

The application in this case was not filed in any judicial proceeding pending at the time, but was an independent suit, having for its object the securing of a permanent injunction against the defendants, restraining the conveyance and occupation of a certain strip of land to be used as a right of way for a railroad. The petition for the injunction was presented subsequently to the delivery of the judgment expropriating the land, and fails to show any likelihood of a multiplicity of proceedings, or any reason to fear that such would occur.

The court below, before rendering judgment in this case, delivered a lengthy opinion in which all the points, both of law and fact, were fully discussed; and, on April 8, 1912, dismissed the application for injunction presented, awarding costs in favor of the defendants.

As the basis of the trial court's action in this matter was virtually want of equity in the bill the case will be better understood by a careful reading of the complaint in which the applicant prayed for the issuance of the writ.

A resumé of the complaint is substantially as follows:

"That the plaintiff herein, Manuela Cerra de Zalduondo, through her attorney, Juan B. Huyke, appears and brings this action against The Fajardo Development Company and Miguel Zalduondo Veve, likewise party defendant hereto, and alleges:

"First.  That The Fajardo Development Company is a foreign corporation authorized to carry on business in this island, and the defendant, Miguel Zalduondo, is a resident of Fajardo and of age.

"Second. That the petitioner and the said defendant Zalduondo have been and are married, neither having contributed anything at the time of their marriage.

"Third. That the plaintiff and the defendant Zalduondo are owners of a property purchased with the funds of the conjugal partnership on December 28, 1909, the said property being situated in the district of 'Quebrada Seca' of Fajardo, and consisting of six *cuerdas* (acres) of land (the boundaries being described).

"Fourth. That The Fajardo Development Company in the year 1910 applied to the Executive Council requesting that a piece of the before-mentioned property, such piece comprising ninety-two meters and eighty-five centimeters long by ten meters wide (the boundaries thereof being described), be expropriated.

"Fifth. That the Executive Council of Porto Rico summoned the defendant, Zalduondo, to appear at a meeting that had for its object the discussion of such expropriation proceedings, but that the plaintiff herein was neither summoned, notified, nor given a hearing.

"Sixth. That as a result of such proceedings before the Executive Council of Porto Rico, The Fajardo Development Company filed in the District Court of Humacao a complaint asking for the expropriation of the strip of land before referred to, for public use, against Miguel Zalduondo Veve, without making the petitioner a party to such suit.

"Seventh. That a trial of the said action took place before the said district court on March 28, 1912, when judgment was rendered expropriating the said strip of land, the title of which, by virtue of such judgment, was vested in The Fajardo Development Company, without the petitioner's being made to figure in the said action.

"Eighth. That on account of the said decision of the court, the petitioner has been deprived of her property without being heard and without compensation, and without judgment having been rendered against her.

"Ninth. That the object of The Fajardo Development Company in obtaining the condemnation of the said strip is to build a

railroad track through the same, which will cause serious damage to the rest of the estate owned by the petitioner.

"Tenth. That by virtue of the said judgment, the defendant Zalduondo is obliged to execute a deed in favor of The Fajardo Development Company, and that the latter is permitted to pursue its expropriation proceedings with the object of constructing the said railroad line as soon as possible.

"Eleventh. That a pecuniary recompense would not prove an adequate remedy to the petitioner, and unless the defendants are enjoined from occupying the said land, a multiplicity of actions would ensue to enable her to avoid the damages that such expropriation would cause the petitioner, who has no speedy and adequate remedy at law.

"Twelfth. That the intrinsic value of the part owned by the petitioner in the said strip of land exceeds $600, and the court is asked to instruct the defendants in this action not to execute a deed nor take possession of the said strip of land until the petitioner has been heard and a judgment rendered against her."

and concluding with the prayer:

"Wherefore, we pray the court that an injunction issue against the defendants herein, ordering

"(*a*) That Miguel Zalduondo Veve refrain from executing a deed in favor of The Fajardo Development Company, and that the petitioner be placed in possession of that piece or parcel of land described in clause 4 of the complaint pending a further order of the court.

"(*b*) That the party defendant, The Fajardo Development Company, either on its own behalf or through its employes, servants, agents, representatives, lawyers, or any other person or persons acting in its name or under its orders, refrain from carrying into effect the final judgment of the said district court rendered on March 28, 1912, in the suit No. 1803 brought by the said company against Miguel Zalduondo Veve for condemnation of property, and that it further refrain from occupying or in any manner taking possession thereof until the petitioner has been heard and judgment rendered against her.

"(*c*) That the defendants herein be condemned to pay the costs of this proceeding together with reasonable lawyers' fees."

It will be seen from the foregoing that the injunction is sought on three grounds: *First.* That the plaintiff, Mrs.

Cerra de Zalduondo, is the owner of an undivided half of the six acres of land over which the right of way is sought to be expropriated. *Second.* That if the defendant, The Fajardo Development Company, were to take possession of the said lands and apply the same to the use designated, it would cause irreparable damages to the petitioner; and *Third.* That a pecuniary compensation would not furnish her any adequate remedy for the wrong which she would suffer.

Before entering into the discussion of these several points, a preliminary objection on the part of the appellant may be introduced. It is set out in the brief and urged with some show of spirit and earnestness in the oral argument that the trial court acted wrongly in refusing the injunction before hearing any evidence as to the facts set out in the petition.

It is claimed that this was an erroneous proceeding. We do not so understand it. It is the usual practice where an application is made to a judge or a court for an injunction, and an answer is filed thereto, or even before an answer is filed, that the court may consider the facts embodied in the sworn petition, or any affidavits thereto attached, and those set forth in the verified answer and the counter-affidavits supporting the same, and grant or refuse the injunction on bill and answer; or, after the injunction has been granted and a motion to dissolve has been made, either to dissolve or refuse to dissolve the injunction or restraining order previously issued. It is specially provided in section 5 of the Injunction Law heretofore quoted that the writ may be granted upon a verified complaint or upon affidavits thereto attached provided the complaint or the affidavits satisfactorily show that sufficient grounds exist for such action. Of course, the authority to grant the writ merely upon the face of the papers, without hearing evidence, presupposes the right in the court or the judge to refuse the writ where no satisfactory grounds appear for issuing the same. This practice is so well established that it is not necessary to discuss the matter further.

The first question then to be considered on the merits is what interest the plaintiff has in the six acres of land over which the right of way is sought to be established. It appears from the complaint that this land was purchased after the marriage of Mrs. Manuela Cerra and Miguel Zalduondo and that neither of them had any property at the time of the marriage. Then, the tract of land belongs to the ganancial estate of Zalduondo and wife (Civil Code, section 1322); and the first question to be considered is whether or not the wife was a necessary party in the proceedings for the expropriation of the land belonging to the ganancial estate. From the previous decisions of this court it is deduced by analogy that she is not such a necessary party, as it has been held that a wife is not a necessary party to a proceeding for the foreclosure of a mortgage upon land belonging to the ganancial estate. (See *Porto Rico Leaf Tobacco Co.* v. *Ereño,* 16 P. R. R., 96–101, and *Torres* v. *Lothrop, Luce & Co. et al.,* 16 P. R. R. 177.) Under our law, the husband is made the manager of the ganancial estate (Civil Code, section 1327); and although he cannot convey it or transfer it without the consent of the wife, the law may impose a burden upon the estate, as in the assessment of taxes or the levy of an execution, or a writ of attachment or otherwise, without any action on the part of the husband, and in such cases the wife is not a necessary party to the proceedings. In the case at bar it seems that the court, in the judgment in which the expropriation of the land was decreed, ordered the husband to make a conveyance of the land to The Fajardo Development Company. This was unnecessary. The decree of the court vested the title to the land, or at least the easement or servitude upon it, in the Development Company without any action whatever on the part of the husband, and if the husband voluntarily makes a conveyance which the law does not require him to do, it could have no effect whatever in impairing the right of the wife to the property attempted to be conveyed.

Whatever rights the wife had in the land over which the right of way is sought to be established remain in her, unimpaired by the expropriation proceedings, except in so far as they affect the ganancial estate. The cases cited by appellant's counsel, to wit, *Holmes* v. *Kansas City*, 209 Missouri, 513, 108, S. W., 9; 123 Am. St. Rep., 495, and other cases, are different from the one at bar in that, in the cases referred to, the wife had a separate and independent interest in the property. In the Holmes case, what was called an *estate by entirety,* which required her to be made a party to the expropriation proceedings, and, being a necessary party thereto and having an independent interest in the property sought to be expropriated, she had a right to enjoin the occupation of the land until it was taken by due process of law and compensation made therefor. It will be seen that these cases are entirely different in principle from the one at bar. However, under the circumstances of this case, it may be observed that the wife alone had no right to bring an injunction suit concerning the property involved herein. This disposes of the first ground on which the injunction is sought.

Let us examine the second ground on which the writ is asked; that is to say, that by taking possession of the land described in the complaint the defendant would cause irreparable damages to the petitioner. Mrs. Cerra Zalduondo was either a necessary party to the expropriation proceedings or she was not; if she was not, then she cannot complain of any damages which might arise by the taking of the land, since the action of the court and of the parties defendant herein in the condemnation of the strip of land over the six-acre tract was strictly in accordance with the law. If she was a necessary party to the expropriation proceedings, then the judgment in the case and the action of the court in decreeing a servitude over the land, and the taking possession of the same by the defendant Development Company, did not, for want of notice to her, affect any right which the petitioner had, and she can take such action in the courts, or other-

wise, as she may deem necessary to protect her interests. There is nothing in the allegation contained in the complaint which shows that any irreparable damages will be suffered by anyone by virtue of the judgment rendered in the condemnation suit. It does not appear that any buildings are destroyed, or that any public or private nuisance is perpetrated, or that the tract of land over which the right of way is projected has materially deteriorated in value beyond the portion taken for immediate occupation, and the value of that portion can easily be estimated in dollars and cents, and the amount of the damages which the plaintiff would suffer by the taking thereof can be fixed in money and paid to her if she is entitled to recover the same; in other words, a money judgment and a compensation in damages are all that is necessary to right any wrong which the plaintiff might suffer by reason of the facts set forth in the complaint, and there is no irreparable damage shown by the allegations of the pleadings.

This brings us to the third ground on which the plaintiff bases her right to have a writ of injunction issue; that is to say, that a pecuniary recompense would not furnish an adequate remedy. We have already virtually disposed of this in considering the second proposition. If the defendants, or either of them, have deprived the plaintiff of her property, or any portion thereof, or have burdened it with a servitude which is not warranted by law, she has her recourse to the court in a suit for damages, and can recover the full amount in dollars and cents of any injury she may have sustained in the premises. Then, there is no reason to say that the remedy would not be adequate.

The assignments of error made by the appellant's counsel in the brief are based, to a great extent, upon the opinion of the trial court, as set out in the record. It does not matter whether the opinion of that court is correct or not. It is the judgment or resolution from which the appeal is taken that we are to consider in determining the correctness

of the action of the court below. It is possible for the court to arrive at a correct judgment or resolution by acting on illogical or improper grounds, and if the judgment or resolution is correct, it matters not whether the reasons given by the court therefor are erroneous or otherwise. We do not pretend to say whether or not the propositions expressed in the opinion of the trial court are correct in all points, since it is not necessary to the decision of this case.

We may further say, in regard to the refusal to issue the writ of injunction as prayed for, that it is generally accepted as a correct doctrine that an injunction is an equitable remedy which may be granted or refused according to the sound discretion of the trial judge, and it ought to be granted always with great caution and only in cases where the reason and the necessity therefor are clear. (See Spelling on Injunctions, secs. 22–23; *González v. Collazo*, 14 P. R. R., 825; *Trujillo, Mercado & Co. v. Rodríguez*, 16 P. R. R., 120; *Morfi v. The Fajardo Development Co.*, 17 P. R. R., 766; *Abella v. Fernández et al.*, 17 P. R. R., 1024.)

Other points are made by the counsel for both appellant and respondent in their very able briefs filed herein, but in the view which we have taken of the case they are not necessary to be considered. For the reasons herein expressed, the judgment or resolution of the District Court of Humacao, in refusing the injunction applied for in this case, should be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.